# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CHRISTOPHER JERMAINE TAYLOR,

        Petitioner,

v.                                                         Civil Case No. 3:16-05173
                                                                Criminal Case No. 3:15-00009

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner's Objections to the Proposed Findings and Recommendation ("PF&R"). ECF No. 115. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R, ECF No. 113, **GRANTS** Petitioner's Motion to Withdraw Amendment, ECF No. 108, and **DENIES** Petitioner's Motion and Second Amendment under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, ECF Nos. 68, 109. Furthermore, the Court **DENIES as moot**, Petitioner's Second Emergency Motion for Bond Pending Resolution of 28 U.S.C. 2255. ECF No. 116.

## I. PROCEDURAL BACKGROUND

On February 3, 2015, Petitioner entered an informed guilty plea to a single-count information charging him with conspiracy to distribute 100 grams or more of heroin. Criminal Action No. 3:15-00009, ECF Nos. 5, 8, 10. He was sentenced on September 8, 2015, and this Court found the two-point gun enhancement under U.S.S.G. § 2D1.1(b)(1) applied. *Id.*, ECF Nos. 44, 47. Petitioner subsequently filed his motion, *pro se*, under 28 U.S.C. § 2255 on June 8, 2016. ECF No. 68. In it, he alleges ineffective assistance of counsel as a means to attack his plea. *Id.*

Petitioner then moved to amend his motion, arguing the applicability of *Johnson v. United States*. ECF No. 71. However, on October 22, 2018, Petitioner concurrently filed a withdrawal of that motion, ECF No. 108, along with another amendment to address the applicability of the two-point gun enhancement, ECF No. 109. After consideration of Petitioner's motions, Magistrate Judge Omar J. Aboulhosn filed the present PF&R on April 2, 2019, in which he recommends that Petitioner's motions be denied, and the case removed from the docket. ECF No. 113. Plaintiff filed timely objections to the PF&R on April 15, 2019. ECF No. 108.

## II. LEGAL STANDARD

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

When a party acts *pro se*, the Court must liberally construe his pleadings and objections. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, failure to raise specific errors waives the right to *de novo* review because "general and conclusory" objections do not warrant such review. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D. W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). "[V]ague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless." *Id.* (internal citations omitted).

## III. DISCUSSION

Petitioner's submission offers general objections to (1) the magistrate judge's findings on ineffective assistance of counsel as it pertains to his plea agreement and (2) the application of the two-level gun enhancement under U.S.S.G. 2D1.1(b)(1), supporting these objections with mere restatements of his arguments as presented to the magistrate judge.

In his first objection, Petitioner retreads his argument, without making any specific objection as to which parts of the PF&R he believes are flawed. *Compare* ECF No. 115, at 2–3; *with* ECF No. 113, at 8–9. As shown in the record, and explained in the PF&R, this Court properly found Petitioner made a knowing, informed, and voluntary plea. Criminal Action No. 3:15-00009, ECF No. 31, at 25–26, 32–40; ECF No. 113, at 10–13. Accordingly, Petitioner's first objection is **OVERRULED** as a conclusory objection.

As to the second objection, Petitioner completely fails to object to any finding in the PF&R. Akin to his first objection, Petitioner offers a general objection as to the application of the two-level gun enhancement applied at his sentencing and outlines his argument as presented to the magistrate judge. *Compare* ECF No. 115, at 4–6; *with* ECF No. 113, at 17. However, the magistrate judge's findings on this issue do not address the merits of this application, but instead conclude Petitioner waived any right to appeal this matter. ECF No. 113, at 19. Accordingly, Petitioner's objection does not apply to the PF&R and is thus **OVERRULED**.

## IV. CONCLUSION

For the above listed reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R, ECF No. 113, **GRANTS** Petitioner's Motion to Withdraw Amendment, ECF No. 108, and **DENIES** Petitioner's Motion and Second Amendment under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, ECF Nos. 68, 109. Furthermore, the Court **DENIES as**

**moot** Petitioner's Second Emergency Motion for Bond Pending Resolution of 28 U.S.C. 2255. ECF No. 116. Consistent with this, the Court **ORDERS** this case removed from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 30, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE