IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHRISTOPHER JERMAINE TAYLOR,

    Petitioner,

v.                                                   Civil Case No. 3:16-05173
                                                    Criminal Case No. 3:15-00009

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court are four motions filed by Petitioner Christopher Jermaine Taylor: a "Motion to Alter or Amend a Judgment Pursuant to Rule 59(e)," a "Motion for Notice of Appeal and Request for Certificate of Appealability to Proceed In Forma Pauperis," and two motions to "Amend Notice of Appeal, Request for Certificate of Appealability, and to Proceed In Forma Pauperis." *Mot. to Alter or Amend*, ECF No. 122; *Mot. for Certificate of Appealability*, ECF Nos. 124, 125; *Mot. to Amend*, ECF No. 128; *Second Mot. to Amend*, ECF 130. For the reasons set forth below, the Court **DENIES** Petitioner's first motion in its entirety. With respect to Petitioner's second motion, the Court **DENIES** his request for a certificate of appealability and **DENIES AS MOOT** his request to proceed on appeal *in forma pauperis*. The Court likewise **DENIES AS MOOT** Petitioner's third and fourth motions.

**I. BACKGROUND**

A complete retreading of the procedural and factual background of this case is unnecessary to resolve the narrow issues presented in Petitioner's motions. Nevertheless, it is worth briefly reviewing several relevant inflection points over the course of Petitioner's case. On February 3,

2015, Petitioner entered an informed guilty plea to an information charging him with conspiracy to distribute 100 grams or more of heroin. *See*, *e.g.*, *Plea Hr'g*, ECF No. 5. On September 8, 2015, this Court sentenced Petitioner to a term of imprisonment of 138 months and a period of supervised release of four years. *Judgment*, ECF No. 47. Nearly a year later—on June 8, 2016—Petitioner filed a "Motion to Vacate Illegal Conviction and Sentence" pursuant to 28 U.S.C. § 2255. *Mot. to Vacate*, ECF No. 68, at 1. In his motion, Petitioner alleged that he had received ineffective assistance of counsel prior to entering his guilty plea and that the Court incorrectly applied a two-point gun enhancement to his calculated sentencing range under the United States Sentencing Guidelines. *Id.* at 4–8. After Petitioner had filed a flurry of further motions, Magistrate Judge Aboulhosn issued his Proposed Findings and Recommendation ("PF&R") on April 2, 2019. *PF&R*, ECF 113, at 22. The Magistrate Judge concluded that Petitioner's ineffective assistance of counsel claims were without merit, and that his claims related to the two-point firearm enhancement were precluded by the appellate waiver contained in his plea agreement. *Id.* at 17, 19. Petitioner timely objected to the PF&R on April 15, 2019. *Obj. to PF&R*, ECF No. 108. This Court overruled these objections in its July 30, 2019 Memorandum Opinion and Order, and ordered Petitioner's case removed from its docket. *Mem. Op. & Order*, ECF No. 117, at 3.

On August 30, 2019, Petitioner filed a "Motion to Alter or Amend a Judgment Pursuant to Rule 59(e)." *Mot. to Alter or Amend*, at 1. Petitioner avers that he received the Court's Memorandum Opinion and Order on August 2, 2019, and that his motion therefore falls within the 28-day window prescribed by Rule 59(e). *Id.* While he expresses disagreement with the Court's judgment with reference to several particularized issues, Petitioner's argument at core is that "the court adopted and denied his motion without merit." *Id.* On September 9, 2019, Petitioner filed a "Motion for Notice of Appeal and Request for Certificate of Appealability to Proceed In Forma

Pauperis." *Mot. for Certificate of Appealability*, at 1. On September 16, Petitioner filed a motion to amend his earlier motion in order to argue that the Court abused its discretion in declining to hold an evidentiary hearing before denying his original motion to vacate his conviction under 28 U.S.C. § 2255. *Mot. to Amend*, at 1. Finally, on September 23 Petitioner filed a second motion to further amend his original motion for a certificate of appealability to include allegations related to the Speedy Trial Act. *Second Mot. to Amend*, at 1. The Court will consider each motion in turn.

## II. DISCUSSION

As Petitioner is proceeding *pro se*, the Court will liberally construe his filings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A liberal construction is not a boundless construction, however, and the Court will not craft Petitioner's legal arguments for him. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). These principles guide the following discussion.

### A. "Motion to Alter or Amend a Judgment Pursuant to Rule 59(e)"

#### a. Legal Standard

Under the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of Rule 59(e) is to permit "a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 116 F.3d 746, 749 (7th Cir. 1995)) (internal quotations omitted). While the Federal Rules provide no standard by which to evaluate Rule 59(e) motions, the Court recognizes that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* With this standard in mind, relief may be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Importantly, a "party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Smith v. Donahoe*, 917 F. Supp. 2d. 562, 572 (E.D. Va. 2013) (internal quotations omitted); *see also Durkin v. Taylor*, 44 F. Supp. 879, 889 (E.D. Va. 1977).

### b. Petitioner's Motion

In order to succeed on his Rule 59(e) motion, Petitioner must point to an "intervening change in controlling law," "new evidence not available at trial," "a clear error of law," or a need to "prevent manifest injustice." *See Hutchinson*, 994 F.2d at 1081. While never explicitly stated in his motion, it appears Petitioner is asserting that this Court committed a clear legal error or that alteration of its decision will be necessary to prevent manifest injustice. As Petitioner's motion demonstrates, this is an argument without merit.

At the outset, Petitioner uses his Motion to Alter or Amend to present many of the same well-worn legal and factual allegations that have formed the bulk of his previous filings. Once again, he argues that he received ineffective assistance of counsel in the days and weeks before his Plea Hearing and Sentencing. *See Mot. to Alter or Amend*, at 2–4. He repeats many of his original claims, essentially arguing that counsel was ineffective by encouraging him to enter into a plea agreement and failing to call witnesses and object to testimony at his Sentencing. *See id.* ("Petitioner contends that counsel misled him and also the court to [sic] the understanding of the plea rendering counsel ineffective and the plea unknowingly [sic]."). He also renews his argument that a two-point gun enhancement was improperly applied to his calculated sentencing range under

the United States Sentencing Guidelines, though he offers no legal basis to counter the Magistrate Judge's conclusion that he had waived his right to appeal matters outside the ineffective assistance of counsel. *Id.* at 4.

Even when considered in the most liberal possible light, Petitioner's motion fails to lay out any legally sufficient grounds to justify alteration or amendment of this Court's prior judgment. While Petitioner argues that "the court adopted and denied his motion without merit" and "knowingly adopted the Magistrates [sic] inaccurate recommendations to deny," *id.* at 1, a "party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion," *Smith*, 917 F. Supp. 2d. at 572. Moreover, Petitioner's remaining arguments are simply recitations of claims already addressed in the PF&R that this Court adopted in its July 30, 2019 Memorandum Opinion and Order. The portions of the Memorandum Opinion and Order Petitioner specifically references are frequently inapposite to his motion, and often draw entirely baseless conclusions. For example, Petitioner argues that the Court acknowledged "Petitioner's motion has merits [sic]" when it noted that the PF&R did not address the merits of his two-point gun enhancement argument. *See Mot. to Alter or Amend*, at 2. The Court made no such finding, and only pointed out that the PF&R did not consider the merits of Petitioner's application because he had "waived any right to appeal this matter." *Mem. Op. & Order*, at 3. Petitioner also attacks the Court's finding that his objections were general and conclusory, noting that pleadings require only "a short and plain statement of the claim showing the pleader is entitled to relief." *See Mot. to Alter or Amend*, at 3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). True enough, but the legal standard governing the sufficiency of pleadings is distinct from the standard for objections to PF&Rs.

In sum, Petitioner's motion contains the same factual and legal assertions that were denied as part of Magistrate Judge Aboulhosn's PF&R and overruled as part of this Court's Memorandum

Opinion and Order. None of these assertions points to a clear error of law or to manifest injustice. Petitioner's direct references to the Court's Memorandum Opinion and Order do not even suggest, let alone establish, any such errors of law. Given that "Rule 59(e) does not give an unhappy litigant one additional chance to sway the judge," *United States v. Carter*, No. 3:15cv161, 2018 WL 1244146, at *2 (E.D. Va. Mar. 9, 2018), the Court will deny Petitioner's Motion to Alter or Amend its earlier judgment.

B. **"Motion for Notice of Appeal and Request for Certificate of Appealability to Proceed In Forma Pauperis"**

   a. **Legal Standard**

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Courts may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)) (internal quotations omitted). The precise test to employ in gauging whether an applicant satisfies the *Slack* standard varies slightly depending upon whether a claim is denied on the merits or on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When relief is denied on procedural grounds, an applicant satisfies this standard by demonstrating both that the

dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right." *Id.* at 484–85.

### b. Petitioner's Motion

As Petitioner brings this action pursuant to 28 U.S.C. § 2255, he cannot take an appeal from this Court's final order without a certificate of appealability. As noted, the Court will only issue a certificate of appealability where an applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has examined the record, and finds that Petitioner has failed to make such a showing.

While Petitioner points to four alleged constitutional violations, only two relate to his claim for ineffective assistance of counsel.[1] *See Mot. for Certificate of Appealability*, at 3. As discussed above and in the PF&R, there is no basis to conclude that Petitioner lacked the effective assistance of counsel at any point in his criminal case. To establish ineffective assistance of counsel, Petitioner was required to show that his representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *PF&R*, at 7 (citing *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984)). The Magistrate Judge correctly concluded that Petitioner met neither standard with respect to any of his particularized allegations. *Id.* at 13. No reasonable jurist could find that the Magistrate Judge's reasoning was debatable, let alone wrong,

---

[1] Petitioner's two other alleged violations are non-constitutional issues that are unrelated to his ineffective assistance of counsel claim: that the gap between Petitioner's arrest and indictment violated the thirty-day deadline provided by the Speedy Trial Act, 18 U.S.C. § 3161(b), and that he was not provided a detention hearing in the Southern District of West Virginia. *Mot. for Certificate of Appealability*, at 3. As the Court agrees with the Magistrate Judge that Petitioner's plea was knowing and voluntary, he is precluded from pursuing claims on appeal or collateral attack *except* those related to the ineffective assistance of counsel. It follows that Petitioner's appellate waiver precludes him from advancing arguments on both grounds.

in light of the strong presumption that counsel has rendered adequate assistance to a client. *Strickland*, 460 U.S. at 690. Petitioner also claims he was unconstitutionally sentenced for a quantity of one to three kilograms of heroin despite pleading guilty to only 100 grams or more of heroin. Though he lists both allegations separately in his second motion, this allegation is properly considered part of Petitioner's ineffective assistance of counsel claim. *See PF&R*, at 11–12 (addressing claim for ineffective assistance of counsel and recounting exchange between Petitioner and the Court during plea hearing in which Petitioner acknowledged he could be held responsible for "a base offense level based on at least 400 grams of heroin . . . [a]ll the way up to 3 kilograms of heroin"). Applying the same reasoning as above, no reasonable jurist could find that the Magistrate Judge's merits-based conclusion on this point was debatable. As Petitioner has not made the requisite showing, the Court declines to issue a certificate of appealability. To the extent that Petitioner asks to proceed *in forma pauperis*, his request is rendered moot by the Court's decision to decline to issue a certificate of appealability.

    **c. Motions to Amend**

Petitioner's third and fourth motions both request leave to amend his second motion. *See generally Mot. to Amend*; *Second Mot. to Amend*. Although likely self-evident, the Court notes that its decision to deny Petitioner's second motion renders his third and fourth motions moot; it is, after all, impossible to amend a motion that has already been denied. *See Roberts v. United States*, No. 4:13cv102, 2013 WL 11536752, at *1 (E.D. Va. Aug. 1, 2013) (denying a motion to amend a separate motion "because the court herein denies the Motion the [p]etitioner seeks to amend").

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to alter or amend its earlier judgment, ECF No. 122, as well as Petitioner's motion for a certificate of appealability, ECF No. 124. The Court further **DENIES AS MOOT** Petitioner's motion to proceed on appeal *in forma pauperis*, ECF No. 125, and his motions to amend his motion for a certificate of appealability, ECF Nos. 128, 130. Consistent with the foregoing analysis, the Court **ORDERS** this case removed from its docket.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 7, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE